UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOSEPH RAIMONDO and**
**JANET RAIMONDO,**

    **Plaintiffs,**

                                            Case No. 02-71696

**v.**

                                            Hon. Denise Page Hood

**VILLAGE OF ARMADA, et al.,**

    **Defendants.**

_____/

## ORDER DENYING PETITION FOR LEAVE
## TO BRING MOTION UNDER FED. R. CIV. P. 60(b)

On September 30, 2003, the Court entered an Opinion and Order granting various motions to dismiss and for summary judgment filed by the many Defendants in this case and other related cases. (See Entry 9/30/2003; Case No. 01-71353, ECF No. 238) The Sixth Circuit Court of Appeals affirmed the Court's Judgment on July 30, 2007, with the Mandate issued on August 27, 2007. (Case No. 01-71353, ECF Nos. 294, 295)

This matter is before the Court on a Petition for Leave to File a Motion under Fed. R. Civ. P. 60(b). (ECF No. 90) In the related Case No. 01-71353, Plaintiff also filed a Motion to Invalidate Finality of Judgments pursuant to Rule 60(b) of the Rules of Civil Procedure filed by Plaintiff Joseph Raimondo filed on June 7, 2021. (Case

No. 01-71353, ECF No. 304)[1]

Plaintiff submits that in a case he filed before the federal district court in the Western District of Missouri, Case No. 17-04254, *Raimondo v. Hood*, Defendants presented a defense relying on *res judicata*, which he claims was fraud on the court and that fraud on the court were also perpetrated in the cases filed in this District. As the Missouri court noted, Plaintiff must file such a motion before the original court, which he has so filed in the instant case and in Case No. 01-71353.

Plaintiff's fraud on the court argument is that various defense counsel in the instant case (and other related cases) perpetrated fraud on the court because Lieutenant Baumgarten's affidavit in support of the April 8, 1998 warrant and seizure of Plaintiff's property was based on fraudulent facts, which resulted in fraudulent charges against Plaintiff.

Rule 60(b) of the Federal Rules of Civil Procedures provides that,

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1]Plaintiff also filed a separate action seeking a Rule 60(b) relief based on fraud upon the Court. See Case No. 21-10854, *Raimondo v. United States of America*.

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Motions based on Rule 60(b)(1), (2) and (3) must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Under the catch-all provision in subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.*

As expressly noted by the Rule, motions based on (1), (2) and (3) must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Plaintiff's claims under Rule 60(b)(2) and misrepresentation and fraud under Rule 60(b)(3) are untimely. The Court finds none of the judgments are void, and so Rule 60(b)(4) does not apply. As to any argument under Rule 60(b)(5) that previous orders and judgment are no longer equitable, the rule provides no such relief. Rule

3

60(b)(5)'s equitable provision is intended to apply to injunctions, declaratory judgments or other equitable orders. *See Northridge Church v. Charter Twp. of Plymouth,* 647 F.3d 606, 613 (6th Cir. 2011); *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 364-65 (6th Cir. 1990); *Stokors S.A. v. Morrison,* 147 F.3d 759, 762 (8th Cir. 1998); *Kirby v. Memphis Security Co.*, No. 01-CV-151, 2003 WL 22509412 at *8 (E.D. Tenn. Nov. 5, 2003).

However, courts have held that "fraud upon the court" is not constrained by the one-year time limit. Plaintiff claims that based on fraudulent statements by a witness, in this case, Lieutenant Baumgarten, there has been fraud on the court. Because Lieutenant Baumgarten is not an "officer of the court" but rather is considered a witness, any alleged false statements he may have made do not support a fraud on the court claim. An allegation of perjury of a witness, does not suffice to constitute "fraud upon the court." *H.K. Porter Co., v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir.1976). Rather, "an officer of the court" must commit fraudulent conduct for a fraud on the court claim to be legally cognizable. *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir.1994); *Preferred Properties, Inc. v. Indian River Ests., Inc.*, 214 F. App'x 538, 540 (6th Cir. 2007). The elements of fraud upon the court consists of conduct: 1) on the part of an officer of the court; 2) that is directed to the "judicial machinery" itself; 3) that is intentionally false, wilfully blind to the

4

truth, or is in reckless disregard for the truth; 4) that is a positive averment or is concealment when one is under a duty to disclose; and, 5) that deceives the court.

Plaintiff alleges that various defense counsel knew that the affidavit submitted by Lieutenant Baumgarten in connection with the warrants and seizure of the properties back in April 1998 was false. However, Plaintiff has not submitted any evidence, other than his belief and allegations, to support his claim that these defense counsel intentionally submitted any affidavit which defense counsel knew were false. Plaintiff does not point to any document or statements made by any defense counsel from the record that was false. Nor has Plaintiff submitted any evidence that any defense counsel was wilfully blinded to the truth or were in reckless disregard to the truth. It is noted that the Court's Orders dismissing the defendants in the various cases, specifically the law enforcement officer defendants, were based on qualified immunity and/or governmental immunity. Any affidavits in connection with the underlying warrants and seizure on April 1998 were not at issue since the Court's rulings were based on the individual law enforcement officer's status as a state actor in a Section 1983 civil rights case. Plaintiff has not presented facts from the record supporting his allegation that various defense counsel intentionally submitted fraudulent documents they knew were false to this Court in order to deceive the Court. The Court denies the Petition to file a Rule 60(b) motion and, if such were allowed, the Court denies the

motion on the merits. The Court will not reconsider the Court's rulings dismissing the cases filed by Plaintiff and so will not consider Plaintiff's other arguments.

Accordingly,

IT IS ORDERED that the Petition for Emergence Leave to Bring a Motion under Rule 60(b) of the Rules of Civil Procedure for review of fraud on the court **(ECF No. 90)** is DENIED.

s/Denise Page Hood<br>
DENISE PAGE HOOD<br>
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2022